UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

CHRISTIAN RUNYON                                                    PLAINTIFF

v.                                            CIVIL ACTION NO. 5:15CV-96-TBR

JACKSON, TN HOSPITAL                                               DEFENDANT

### MEMORANDUM OPINION

On April 22, 2015, Plaintiff Christian Runyon filed a *pro se* complaint while incarcerated

at the Calloway County Jail alleging Defendant had violated the Civil Rights Act of 1964.

Subsequently, on May 8, 2015, Plaintiff notified the Court that he was no longer incarcerated at

the Calloway County Jail and provided the Court with his new address (DN 7).  It appearing that

Plaintiff was no longer incarcerated, the Court entered an Order that within 30 days of the entry

of the Order Plaintiff must either pay the filing fee for this action or file a non-prisoner

application to proceed without prepayment of fees (DN 8).  The Order warned Plaintiff that

failure to comply with the Order would result in dismissal of this action.  Over 30 days have

passed since the entry of the Order, and Plaintiff has not responded to the Order or taken any

action in this case.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal

of an action if a Plaintiff fails to prosecute or to comply with an order of the court.  *See Jourdan*

*v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the

district court to enter a *sua sponte* order of dismissal.").  Although federal courts afford *pro se*

litigants some leniency on matters that require legal sophistication, such as formal pleading rules,

the same policy does not support leniency from court deadlines and other procedures readily

understood by laypersons, particularly where there is a pattern of delay or failure to pursue a

case. *Id.* at 110. "As this court has noted, the lenient treatment generally accorded to pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d at 110). "Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

Because Plaintiff has failed to comply with a straightforward Order of this Court (DN 8) or take any action in response to the Court's Order, the Court concludes that he has abandoned any interest in prosecuting this action. Therefore, the Court will dismiss the action by separate Order.

Date:

cc:      Plaintiff, *pro se*
4413.003